UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

TADARYL WILLIAMS,

            Petitioner,               3:11-cv-00759-LRH-WGC

vs.

                                      ORDER

RENEE BAKER, *et al.,*

            Respondent.

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Tadaryl Williams. Petitioner has paid the required filing fee twice (*see* ECF Nos. 4 and 5) and the Court shall direct the Clerk to return the duplicate payment to petitioner. Additionally, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition shall be dismissed as it is the second federal habeas petition filed by petitioner attacking his 2003 conviction in violation of 28 U.S.C. § 2244(b)(2) and it is untimely.

On September 26, 2007, this Court received petitioner's original habeas corpus petition in case number 3:07-cv-00441-PMP-VPC. That petition was filed and petitioner was given an opportunity to show cause why it should not be dismissed as untimely. *See* Order dated February 4, 2008 (ECF No. 8 in that action). Thereafter, having considered the response, the Court dismissed the petition as untimely. *See* Order filed May 13, 2008 (ECF No. 10 in that action).

Now, some three years later, petitioner returns to the Court to attack his 2003 conviction, having apparently filed motions to correct an illegal sentence. Petition, pp. 6 and 8; *see also,* exhibits to

petition, Order of Affirmance, dated September 14, 2011. The Nevada Supreme Court's order indicates that the substance of the motions fall outside the "narrow scope of claims permissible in a motion to correct an illegal sentence" and denies relief. Thus, there is no new judgment to consider.

The motions filed in state court on January 10, 2011 and March 4, 2011, to correct an illegal sentence do not overcome the one-year statute of limitations where there was no amended judgement of conviction resulting therefrom which might be subject to a timely habeas attack. *See e.g., Burton v. Stewart,* 127 S.Ct. 793, 798-99 (2007) (*per curiam*). Petitioner argues that a 2008 change in state law allows this second petition. This argument is not persuasive, as it is changes in the clearly established federal law, as established by the United States Supreme Court, that would afford such an opportunity. However, in such a case, the petitioner must seek permission from the Ninth Circuit Court of Appeals before submitting his second petition. 28 U.S.C. § 2244(b). And, it is only violations of clearly established federal law that a petitioner may bring to this Court if leave of the Circuit Court is obtained. *Id., Williams v. Taylor,* 529 U.S. 362, 380 (2000); *see also U.S. V. Thomas,* 627 F.3d 534, 536 (4th Cir. 2010); *Nichols v. U.S.,* 285 F.3 445, 447, 2002 FED App. 0109P (6th Cir. 2002). Thus, a change in state law would not grant petitioner a new opportunity to bring an untimely federal petition.

**IT IS THEREFORE ORDERED** that the petition shall be **filed** and is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall refund to petitioner the duplicate five dollar filing fee submitted by petitioner or his representatives on December 9, 2011.

**IT IS FINALLY ORDERED** that no Certificate of Appealability shall issue. The Clerk shall enter judgment accordingly.

Dated this 3rd day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE